IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARGARET HAULE | § | |
| | § | |
| V. | § | 1:18-CV-00606-RP-AWA |
| | § | |
| GRASSROOTS LEADERSHIP | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Margaret Haule's Complaint (Dkt No. 1). The District Court referred the above-motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules. The Court previously granted Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. No. 4) and now proceeds to conduct its frivolousness review after the Plaintiff filed a More Definite Statement (Dkt. No. 7).

As stated below, this Court has conducted a review of the claims made in Haule's Complaint and is recommending her claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendant.

**I. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW**

Because Haule has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

This purports to be an employment discrimination lawsuit. Haule alleges in her EEOC charge that she was rejected for a position with Grassroots Leadership based on her race and in retaliation for filing an EEOC complaint against the ACLU. Title VII makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

Claims under Title VII are analyzed through the framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See, e.g., McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Under that framework, a plaintiff must first establish a prima facie case of discrimination before the case may proceed. *Id.* To establish a prima facie claim of racial discrimination under Title VII, Haule must show that she was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

Here, Haule's allegations are insufficient to establish a prima facie case of racial discrimination by the Grassroots Leadership. Specifically, she has not provided any evidence showing how she was treated differently from other applicants. Haule in her EEOC charge, Complaint, and More Definite Statement, makes allegations that she was treated less favorably than other non-Black employees at Grassroots Leadership, but the record is devoid of facts to support these allegations. Aside from her conclusory assertions of less favorable treatment, Haule makes claims that the management of Grassroots Leadership is lacking in black representation and that black representation at the organization is largely relegated to fellows or grant-funded subordinate positions. However, these facts, even if assumed to be true, do not show how Haule was treated differently when compared to others similarly situated. To do so, Haule must show that "the employer gave preferential treatment to another employee under identical circumstances." *Okoye*, 245 F.3d at 514 (internal quotations and citations omitted). Haule in her EEOC charge notes that she was an applicant for an "Admin and Development Associate Position" with Grassroots

3

Leadership. However, nowhere in her complaint or her EEOC Charge, does Haule present facts that she was treated differently from applicants for this specific position or any other associate-level position. Therefore, Haule is unable to establish a prima facie case of racial discrimination by Grassroots Leadership.

Haule also contends that she was rejected from Grassroots Leadership in retaliation for filing an EECO charge of discrimination against the ACLU. Analysis of Haule's retaliation claim under Title VII is also governed by the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Hockman v. Westward Communications, LLC*, 407 F.3d 317, 330 (5th Cir. 2004) Consequently, Haule must first establish a prima facie case of retaliation by demonstrating (1) that she engaged in protected activity; (2) that an adverse employment action occurred; and (3) that a causal link exists between the protected activity and the adverse employment action. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). To establish the causation element of a retaliation claim under Title VII, a plaintiff must present either "direct evidence of retaliation" or "circumstantial evidence creating a rebuttable presumption of retaliation." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414-15 (5th Cir. 2003).

Haule's retaliation claim fails here as well. Haule clearly engaged in protected activity by filing a report with the EEOC against the ACLU. She also suffered an adverse employment action in not being hired by Grassroots Leadershup. However, on the third prong, Haule has not articulated enough facts for a claim of retaliation. Haule states a vague, conclusory statement that the Executive Director of Grassroots Leadership is friends with staff at the ACLU where Haule had a pending charge, but there are no facts in Haule's charge or her Complaint that would provide a causal link between her protected activity and her adverse employment action. Haule also describes an incident

4

on May 8, 2018, where Grassroots Leadership sent a representative to a meeting that was hosted because of Haule's organizing efforts and where the representative began verbally attacking Haule and had to be restrained, but yet again this does not provide a causal link between Haule's protected activity and her adverse employment action. In other words, Haule has not provided direct or circumstantial evidence of retaliation.[1] Therefore, Haule has failed to state a claim for relief and her lawsuit should be dismissed under § 1915(e)(2)(B).

## II. VEXATIOUS FILINGS

Additionally, in the past two years, Haule has filed a host of frivolous cases in the Austin Division of the Western District of Texas. *See Haule v. ACLU of Texas*, 1:17-CV-944-RP; *Haule v. Texas Coalition to Abolish the Death Penalty*, 1:18-CV-199-LY; *Haule v. Workers Defense Project, Inc.*, 1:18-CV-213-LY; *Haule v. Austin Habitat for Humanity*, 1:18-CV-493-RP; *Haule v. Move Austin Forward*, 1:18-CV-494-RP; and *Haule v. City of Austin*, 1:18-CV-707-LY. On January 15, 2019, in addition to filing this case, Haule filed four other purported *qui tam* suits. *See United States v. University of Texas Health Science Center-Houston*, 1:19-CV-33-RP; *United States v. Heggemeier,* 1:19-CV-34-RP; *United States v. Southwest Housing Compliance Corporation*, 1:19-CV-35-LY; and *United States v. Austin*, 1:19-CV-36-RP. Given Haule's history of filing frivolous cases in this Court, the undersigned both:

> (1) **WARNS** Haule that if she files any additional suit that is later found to be subject to dismissal as frivolous, she may be subject to the imposition of a sanction, including either a monetary assessment, a bar to filing future suits, or both; and
>
> (2) **RECOMMENDS** that the district court, at a minimum, similarly warn Haule, and further, consider whether to require Haule to **SHOW CAUSE** why she should

---

[1] Haule describes another event on June 30, 2018, but this event not only does not provide the needed causal link, but also occurred after the date of Haule's EEOC charge.

not be so sanctioned at this time, given the 11 lawsuits she has filed in the past two years.

### III.  RECOMMENDATIONS

In accordance with the foregoing discussion, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Haule's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of April, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE